IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**LADISLAO MONTES-CRUZ,**
**GRACIELA MONTES-CASTANEDA, and**
**GUILLERMINA MONTES-CASTANEDA,**

    Plaintiffs,

v.                                                        No. 21-cv-0302 GBW/SMV

**PROGRESSIVE INSURANCE, STEPHANIE BAKER,**
**HEATHER STONEBREAKER, and HEATHER HADFIELD,**

    Defendants.

**MEMORANDUM OPINION AND ORDER TO AMEND COMPLAINT**

THIS MATTER is before the Court on its review of the Complaint [Doc. 1], filed by Plaintiffs Ladislao Montes-Cruz, Graciela Montes-Castaneda, and Guillermina Montes-Castaneda on April 2, 2021. The Court has a duty to determine sua sponte whether subject-matter jurisdiction exists. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the Complaint fails to allege subject-matter jurisdiction. Therefore, the Court will order Plaintiffs to file an amended complaint no later than **May 5, 2021**, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

**BACKGROUND**

On April 2, 2021, Plaintiffs filed their Complaint. [Doc. 1]. Although they do not explicitly identify the grounds for the Court's jurisdiction, the Complaint alludes to diversity of citizenship. *See id.* at 2. The Complaint asserts that all three Plaintiffs are "residents" of "County of Clark,

State of Nevada" and that one of the Defendants "is a foreign insurance corporation duly licensed to transact business within the State of New Mexico." *Id.* Furthermore, they claim more than $75,000 in damages. *Id.* at 4, 19. Nevertheless, Plaintiffs make no allegation about their own citizenship or the citizenship of any Defendant. *See* [Doc. 1].

## LEGAL STANDARD AND DISCUSSION

Plaintiffs are required to assert the basis of subject-matter jurisdiction in their complaint. Fed. R. Civ. P. 8. Additionally, the district court must be satisfied that it has subject-matter jurisdiction, which cannot be waived and thus may be raised by the parties or sua sponte at any time. *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998) (citation omitted); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Subject-matter jurisdiction can be established in one of two ways: through federal question or diversity. *See* 28 U.S.C. §§ 1331, 1332.

District courts have diversity jurisdiction over civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. § 1332(a). Jurisdiction under § 1332 requires diversity of *citizenship*. The party asserting diversity jurisdiction must plead citizenship distinctly and affirmatively; allegations of residence are not enough. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Domicile, the equivalent of state citizenship, requires more than mere residence; domicile exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Moreover, a

corporation is deemed to be a citizen of both the state in which it is incorporated *and* in which it maintains its principal place of business.[1] *See* § 1332(c).

Here, the Complaint does not make any allegations regarding subject-matter jurisdiction. *See generally* [Doc. 1]. To the extent Plaintiffs intend to allege diversity jurisdiction, the facts set forth in the Complaint do not sufficiently establish the citizenship of Plaintiffs or Defendants. First, the Complaint indicates that Plaintiffs are "residents" of Nevada and does not mention their "citizenship." [Doc. 1] at 2. Second, the Complaint fails to allege the citizenship of any Defendant.

Accordingly, the Court will give Plaintiffs the opportunity to file an amended complaint to properly allege subject-matter jurisdiction. If Plaintiffs intend to allege diversity jurisdiction, they must allege the citizenship of each and every party at the time the complaint was filed, including the state in which Defendant Progressive Insurance is incorporated *and* in which it maintains its principal place of business.[2]

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiffs shall amend the Complaint to properly allege subject-matter jurisdiction, if such allegations can be made in compliance with Rule 11 of the Federal Rules of Civil Procedure, no later than **May 5, 2021**.

**IT IS FURTHER ORDERED** that if such an amended complaint is not filed by **May 5, 2021**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[1] However, determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332. Limited liability companies are treated as partnerships for citizenship purposes and are, therefore, citizens of each and every state in which any member is a citizen. *Siloam Springs*, 781 F.3d at 1234.

[2] However, if Plaintiffs determine that Defendant Progressive Insurance is not a corporation, they will need to allege its citizenship accordingly. For example, if it is a limited liability company, Plaintiffs will need to allege the citizenship of each and every member, or if it is a partnership, Plaintiffs will need to allege the citizenship of each and every partner. *See Siloam Springs*, 781 F.3d at 1234.